# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **NATHAN ROWAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**THE FRANCHISE CONSULTING COMPANY, INC.**, a Florida corporation<br><br>Defendant. | Case no.<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nathan Rowan ("Plaintiff" or "Plaintiff Rowan") brings this Class Action Complaint and Demand for Jury Trial against Defendant The Franchise Consulting Company, Inc. ("TFCC"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by generating cold lead lists and making unsolicited calls to consumers who registered their phone numbers on the Do Not call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Rowan is an East Rochester, New York resident.

2. Defendant TFCC is a Florida corporation headquartered in Coral Gables, Florida. TFCC conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct leading to this case was directed by Defendant from this District.

## TELEMARKETING INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry provides for consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in March, 2021, at a rate of 159.4 million per day. www.robocallindex.com (last visited April 13, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## INTRODUCTION TO TFCC

16. TFCC provides consultation services connecting consumers with franchise ownership opportunities.

17. TFCC engages in telemarketing to consumers in order to solicit its consulting services.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

18. At no time, do the consumers ever provide their phone numbers to Defendant TFCC before they start calling them.

19. These cold calls include calling individuals who have registered on the Do Not Call registry, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

20. For example, Plaintiff Rowan received 2 calls from TFCC, despite never having given his phone number to the Defendant and despite having his phone number registered on the DNC to prevent such cold calls.

21. Numerous consumers have posted complaints online regarding unsolicited telemarketing calls that they received from Defendant TFCC including:

- "I'm Verizon wireless subscriber and this solicit came from (214) 972-3662 as a voice mail message, NOT as a call. 'Hi, this is Samantha Clark with the Franchise Consulting Group. I'm calling because based on your background we feel you may be a fit for franchise ownership and our company helps people explore franchise opportunities in their area. I'd really like to connect and provide some more information about how our program works. If you can please give me a call back at this number, that'd be great. Thank you so much. Have a great day, goodbye!'"[3]
- "Same message, same caller different number . 972 645 2582"[4] (posted by a different consumer)
- "Same message but different number this time. Samantha Clark from Franchise marketing."[5] (also posted by a different consumer)
- "same exact message from coming from 214-915-2289"[6]
- "Hi, this is Samantha Clark with the Franchise Consulting Group. I'm calling because based on your background we feel you may be a fit for franchise ownership and our company helps people explore franchise opportunities in their area. I'd really like to connect and provide some more information about how our program works. If you can please give me a call back at this number, that'd be great. Thank you so much. Have a great day, bye-bye!"[7]

---

[3] https://800notes.com/Phone.aspx/1-214-972-3367
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

4

- "Franchise sales, the message said it was from Samantha Clark (probably fake name) from the franchise consulting group."[8]
- "this is definitely a scam, got a call today."[9]

22. In response to these unsolicited calls, Plaintiff Rowan files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF ROWAN'S ALLEGATIONS

23. Plaintiff Rowan registered his phone number on the DNC on June 4, 2005.

24. Plaintiff Rowan uses his phone number for personal use only.

25. On January 18, 2021 at 11:24 AM, Plaintiff received an unsolicited email from an employee named Seth Lederman on behalf of TFCC regarding franchise opportunities.

26. Plaintiff replied by asking how he could get more information but specifically did not provide his phone number.

27. On January 22, 2021, Plaintiff received a 2nd unsolicited email from an employee named Todd Weiss, on behalf of TFCC regarding franchise opportunities.

28. On January 27, 2021, Plaintiff replied to Weiss by email, "Go ahead and send what you have. Thanks."

29. At no time did Plaintiff ever provide his phone number to Weiss, Lederman, or anybody else who works for TFCC.

30. On January 27, 2021 at 9:41 AM, Plaintiff received an unsolicited text message from Defendant, from 412-508-8166 to the Plaintiffs' phone number:

---

[8] https://www.shouldianswer.com/phone-number/9724304684
[9] https://800notes.com/Phone.aspx/1-972-430-4831

5



31. Plaintiff did not reply to the unsolicited text message.

32. On February 2, 2021 at 11:03 AM, Plaintiff received an unsolicited call from 516-767-0605, from Todd Weiss on behalf of The Franchise Consulting Company.[10]

33. On February 4, 2021 at 1:25 PM, Plaintiff received a 2nd call from Weiss, from the phone number 516-767-0605.

34. Plaintiff did not answer this call but Weiss left a voicemail on Plaintiff's phone:

---

[10] https://www.toddweissfranchisepro.com/about-todd-weiss-cfa/



35. Plaintiff asked both Weiss and Lederman how they got his phone number later in the day on February 4, 2021, since he never provided it.

36. Weiss claimed that the phone number was pulled from an email Plaintiff responded to, which is factually incorrect since Plaintiff never provided Defendant his phone number.

37. Lederman replied to Plaintiff's email claiming that TFFC works with a company that pulls data from various public sources and directories:





38. On February 11, 2021, Plaintiff received another call from Defendant at 12:12 PM from phone number 516-767-0605.

39. A voicemail was left on Plaintiff's phone:

8



40.   Plaintiff received another unsolicited call on February 18, 2021, this time at 1:22 PM from 516-767-0605. Plaintiff did not answer the call and no voicemail was left.

41.   On March 4, 2021, Plaintiff received a call from Defendant at 11:03 AM from phone number 516-767-0605. A voicemail was left on Plaintiff's phone:



42. Plaintiff Rowan never consented to receiving solicitation calls from Defendant TFCC.

43. Plaintiff never provided his phone number to Defendant TFCC.

44. The unauthorized telephone calls and text message made by Defendant, as alleged herein, have harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

45. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls/texts to phone numbers that are registered on the DNC.

10

## CLASS ALLEGATIONS
### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

46. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for the same purpose Defendant called Plaintiff.

47. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Rowan anticipates the need to amend the Class definitions following appropriate discovery.

48. **Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable.

49. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Rowan and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. whether Defendant TFCC placed multiple solicitation calls/texts to Plaintiff and members of the Do Not Call Registry class;

    b. whether TFCC made those calls without prior express written consent;

    c. whether Defendant's conduct violated the TCPA; and

    d. whether Defendant's conduct was willful or knowing, entitling the class to treble damages.

50. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interests adverse to the Class.

51. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective

relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of the Plaintiff and the Do Not Registry Class)**

52. Plaintiff Rowan repeats and realleges paragraphs 1 through 51 of this Complaint and incorporates them by reference.

53. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

54. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

56. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call/text in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of

Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

57. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rowan, individually and on behalf of the Class, pray for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Rowan as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Rowan requests a jury trial.

Respectfully Submitted,

**NATHAN ROWAN**, individually and on behalf of those similarly situated individuals

Dated: April 14, 2021         /s/ Stefan Coleman
                              Stefan Coleman (FL Bar No. 30188)

14

law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th FL
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*